UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL HUNNICUTT,

    Plaintiff,

    v.

MATTHEW CATE, Secretary, *et al.*,

    Defendants.
_____/

No. C-12-0380 EMC (pr)

**ORDER OF SERVICE**

## I.    INTRODUCTION

Daniel Hunnicutt, an inmate at the Correctional Training Facility in Soledad, filed a *pro se* civil rights action under 42 U.S.C. § 1983. He filed a complaint, and later filed a first amended complaint. His first amended complaint supersedes the complaint and is now before the Court for review under 28 U.S.C. § 1915A.

## II.    BACKGROUND

In his first amended complaint, Hunnicutt alleges the following:

Nurse Pruitt reacted with indifference when Hunnicutt complained to her of blood in his underwear and sharp pain in his rectum on March 10, 2008. In September 2009, a catheter was placed in him so he could urinate. On October 14, 2009, Hunnicutt was unable to urinate and informed nurse Leay of sharp pains in his rectum and blood in his urine. On December 19-22, 2009, nurse Leay and Dr. Nguyen failed to respond to his pleas for medical help for his pain. On December 21, 2009, he informed nurse Bants that he had lost weight for no reason, and had night sweats and fever. Nothing was done to care for his medical needs. On March 18, 2010, he learned from urologist Dr. Milanesa that he had an enlarged prostate gland. Nine months later he was

1  treated at Dr. Milanesa's clinic to try to correct his urinary dysfunction.  He continues to have
2  urinary dysfunction, and now takes two medications to enable him to urinate.  He also continues to
3  undergo medical treatment from Dr. Milanesa.  Hunnicutt believes his current condition, *i.e.*, an
4  enlarged prostate gland, has existed since March 2008.

5        Hunnicutt filed grievances about his medical care.  Those grievances were denied by several
6  Defendants.  In handling the grievances, the Defendants' "intent was to thwart and/or disconcert and
7  distort the facts and issues."  Docket # 13, p. 7.

8        On May 1, 11, and 26, 2010, Hunnicutt submitted requests to the clinic for a renewal of his
9  prescription for levothyroxine, a thyroid medication.  The prison pharmacy filled the prescriptions
10 and forwarded them to Donnabella Fernando, L.V.N., to be dispensed to Hunnicutt, but the
11 medication was not delivered to him.  On June 11, 2010, Hunnicutt handed a medication
12 refill/renewal form to Fernando to pick up the medication.  Fernando told him that she would ask the
13 nurse.  The nurse interviewed him on June 15 regarding the June 11 form.  On June 21, 2010 – 46
14 days after Hunnicutt first submitted his refill request – the levothyroxine was delivered to Hunnicutt.
15 Fernando acted with "carelessness" and "committed negligence without any regard for the safety of
16 [Hunnicutt's] health and life."  *Id.* at 10.

17       On June 22, 2010, L.V.N. Fernando came to Hunnicutt's cell door and demanded to see all of
18 his medications.  She inspected the medication envelopes, searching for levothyroxine.  Hunnicutt
19 urges that this was improper because, when Fernando asked him the day before if he had received
20 his medication, he replied "no."  *Id.* at 11.  Hunnicutt thinks Fernando was trying to catch him in a
21 lie, *i.e.*, that he had the pills while filing a grievance about not receiving them.  He contends that her
22 inspection violated his Fourth Amendment right to be free from unreasonable searches.  He also
23 suggests that this was retaliatory for his grievance about not receiving the pills.

24       **III.    DISCUSSION**

25 A.    <u>Review of First Amended Complaint</u>

26       A federal court must engage in a preliminary screening of any case in which a prisoner seeks
27 redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.
28

§ 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Liberally construed, the first amended complaint states a cognizable § 1983 claim against defendants Pruitt, Leay, Nguyen, and Bants for deliberate indifference to Hunnicutt's medical needs. These Defendants allegedly ignored or failed to address his complaints of rectal and urinary pain and blood.

The first amended complaint does not state a claim against the warden, the director of the California Department of Corrections and Rehabilitation, the receiver, or the chief medical officer. Although these persons are listed as Defendants, there are no allegations against any of them. They apparently were named as Defendants because they employ or are in charge of institutions that employ the alleged wrongdoers. That is an insufficient basis for liability under § 1983 because there is no respondeat superior liability under § 1983, *i.e.* no liability under the theory that one is responsible for the actions or omissions of an employee. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (no respondeat superior liability for municipalities). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). The complaint has no allegations suggestive of the possibility of this sort of liability.

The first amended complaint does not state a claim against those Defendants who allegedly improperly denied or improperly processed Hunnicutt's inmate appeals. The failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prison. California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, *see* Cal. Code Regs. tit. 15, § 3084.8, and, at most, that "[n]o reprisal shall be taken against an inmate or parolee for filing an appeal," *id.* at § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Hunnicutt had no federal constitutional right to a properly functioning appeal system. Therefore, an incorrect decision on an administrative appeal or failure to process the appeal in a particular way did not amount to a violation of his right to due process.

The first amended complaint does not state a claim upon which relief may be granted against Defendant Fernando based on the failure to deliver the levothyroxine. Hunnicutt alleges that she carelessly and negligently failed to deliver the levothyroxine to him. Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer*, 511 U.S. at 835-36 & n.4; *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998). The allegations do not show or suggest deliberate indifference to a serious medical need.

Finally, the allegation that Fernando demanded to inspect Hunnicutt's medications also does not state a claim for a Fourth Amendment violation or otherwise. As Hunnicutt's first amended complaint plainly shows, Fernando was investigating whether Hunnicutt had received medications that had left the pharmacy but that he claimed not to have received. There is no legitimate subjective expectation of privacy that a prisoner might have in his prison cell and, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. *See Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). In light of the fact that a search of Hunnicutt's entire cell would not have violated the Fourth Amendment, the inspection of just the medication envelopes therein to be certain that he did not have the pills did not violate his rights, even if he had denied having the pills before Fernando requested to inspect the medication envelopes. Likewise, nothing in the events described in the first amended complaint suggest a retaliatory motive, as Fernando allegedly merely was checking to be sure that the prisoner did not have that which he claimed not to have.

B.   The Requests For Judicial Notice

Hunnicutt filed a "motion to take judicial notice" in which he asked the Court to judicially notice numerous medical records, inmate appeals and responses to inmate appeals. Shortly after filing that motion, he filed a "motion to take judicial notice of discrepancy" of portions of his medical records. Hunnicutt's requests reflect a fundamental misunderstanding of the judicial notice process and erroneous belief that it is the normal way to present evidence to the court. The Court can judicially notice facts that are not subject to reasonable dispute in that they are generally known within the territorial jurisdiction of the Court or they are capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The records pertaining to a prisoner – such as his medical records or inmate appeals – are not the sort of documents of which judicial notice may be taken. It cannot be said that the contents of Hunnicutt's prison records are facts generally known within the Court's territorial jurisdiction or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

The usual way for a litigant to present documentary evidence is to attach the documents to a declaration that authenticates the documents. Evidence and declarations usually are submitted in

5

1 connection with a motion by or against the litigant. Here, for example, if Defendants file a motion for summary judgment, Hunnicutt could submit a declaration with documents attached in support of his opposition to that motion for summary judgment.

## IV. CONCLUSION

1. The first amended complaint states a cognizable § 1983 claim against Pruitt, Leay, Nguyen, and Bants for deliberate indifference to Hunnicutt's medical needs. All other Defendants and claims are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following individuals, all of whom apparently work on the medical staff at the Correctional Training Facility in Soledad:

- Linda Pruitt, R.N.
- Elizabeth Leay, R.N.
- Vu Nguyen, M.D.
- L. Bants, R. N.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **August 31, 2012**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **September 28, 2012**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would

6

> affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a Defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        c.     If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **October 2012**.

    4.     All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

    5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    6.     Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.   Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

8.   Plaintiff's requests for judicial notice are DENIED. (Docket # 10, # 11.)

IT IS SO ORDERED.

Dated: June 11, 2012

                                                EDWARD M. CHEN
                                                United States District Judge