UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL HUNNICUTT,　　　　　　　　　　　　No. C-12-0380 EMC (pr)

　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　**ORDER**

MATTHEW CATE, Secretary; et al.,

　　　　　Defendants.
_____/

　　　　Plaintiff has filed a motion for an order requiring Defendants to file a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (per curiam). Defendants have opposed the motion, arguing that a *Martinez* report would be unhelpful in this action.

　　　　A *Martinez* report refers to a document prepared by prison officials, who have – at the court's insistence – undertaken an investigation of an incident and prepared a report to create an administrative record that will be used in the court proceedings. *See generally id.* at 319-20; *see, e.g., id.* at 319 (report was used to "enable the trial court to decide the jurisdictional issues and make a determination under section 1915(a)"). "The purpose of the [*Martinez*] report 'is to give the court the benefit of detailed factual information that may be helpful in identifying a case involving a constitutional challenge to an important, complicated correctional practice, particularly one that may affect more than the inmate who has filed the 1983 action.'" *In re Arizona*, 528 F.3d 652, 656 (9th Cir. 2008) (citation omitted). *Martinez* reports are neither prohibited nor mandatory in the Ninth Circuit, although they may in some cases be helpful tools for pretrial management of a prisoner civil rights action. *See id.* at 656-58.

A *Martinez* report will not be ordered in this action. These reports are supposed to be for the benefit of the court rather than the plaintiff, but a *Martinez* report would be of very little benefit to the court in the management of this litigation. Unlike the situation in the *Martinez* case, there are not jurisdictional or pauper questions, the resolution of which would be aided by the development of a more elaborate administrative record. Unlike the situation in *In re Arizona*, this is not a case where a constitutional deficiency that may affect multiple prisoners needs an investigation – the medical care system in the California prisons already is under the guidance of a receiver appointed in the *Plata* class action. Additionally, this is not a situation where there is any real expectation that ordering an investigation would result in relief satisfactory to plaintiff: some investigation of his claims occurred during the administrative appeals process, yet his administrative appeals were denied and he now seeks millions of dollars in his complaint. Finally, a *Martinez* report would not aid in the pretrial management of this case: the complaint has been served and defendants are scheduled to file a dispositive motion within two months. Plaintiff's motion for a *Martinez* report is DENIED. (Docket # 28.)

Plaintiff filed a "motion: notice of defendants' failure to file 'Rand' notice," urging that defense counsel should be sanctioned for not providing a *Rand* notice as ordered by the court. Plaintiff's motion is DENIED as frivolous. (Docket # 30.) The order on which plaintiff relies clearly states that defendants are to provide the *Rand* notice at the time they file a motion for summary judgment. (*See* Docket # 22.) Defendants have not yet filed a motion for summary judgment; in fact, the motion is not due until December 14, 2012. Plaintiff is cautioned that he must read the court's orders more carefully because he can be sanctioned for filing frivolous motions.

IT IS SO ORDERED.

Dated: November 2, 2012

_____
EDWARD M. CHEN
United States District Judge